# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| LARRY ISAIAH WILKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1627 AGF |
| | ) | |
| CAMERON R. DANIEL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Larry Wilkes (registration no. 64039), an inmate at the St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $0.68. See 28 U.S.C. § 1915(b)(1). Upon reviewing the complaint, the Court finds that it fails to state a claim upon which relief can be granted. However, the Court will allow plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Plaintiff's account indicates an average monthly deposit of $3.40, and an average monthly balance of $0.64. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $0.68, which is 20 percent of Plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31

(1992). An action is malicious if it is undertaken for the purpose of harassing the named Defendants and not for the purpose of vindicating a cognizable right. <u>Spencer v. Rhodes</u>, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), <u>aff'd</u> 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as Defendants are Cameron R. Daniel, Melvin Diggs, Irene Mitchell, and Allen Ray. Defendants are officials at the St. Louis City Justice Center.

Plaintiff alleges that he was in the T.V. room when two inmates began fighting in the G-Dorm. Plaintiff says that Defendants Ray and Diggs ordered everyone from the T.V. room to go into the G-Dorm, whereupon Ray and Diggs sprayed everyone with mace. Plaintiff asserts that he complained, and as a result, he was put in administrative segregation for seventy-two hours without food. Plaintiff says he was then housed in a cell contaminated with feces, urine, and blood for forty days. Plaintiff alleges that he was told not to file a grievance or his mouth would be "shut permanently."

**Discussion**

The complaint is silent as to whether Defendants are being sued in their official

or individual capacities. Where a "complaint is silent about the capacity in which

[Plaintiff] is suing Defendant, [a district court must] interpret the complaint as including

only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615,

619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a

government official in his or her official capacity is the equivalent of naming the

government entity that employs the official. Will v. Michigan Dep't of State Police,

491 U.S. 58, 71 (1989). To state a claim against a municipality or a government

official in his or her official capacity, Plaintiff must allege that a policy or custom of the

government entity is responsible for the alleged constitutional violation. Monell v.

Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not

contain any allegations that a policy or custom of a government entity was responsible

for the alleged violations of Plaintiff's constitutional rights. As a result, the complaint

fails to state a claim upon which relief can be granted.

Furthermore, "[l]iability under § 1983 requires a causal link to, and direct

responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d

1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir.

1985) (claim not cognizable under § 1983 where Plaintiff fails to allege that Defendant

was personally involved in or directly responsible for the incidents that injured Plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, Plaintiff has not set forth any facts indicating that Defendants Daniel or Mitchell were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted for this reason as well.

Because Plaintiff is proceeding pro se, the Court will allow Plaintiff to file an amended complaint before dismissing this action. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If Plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $0.68 within thirty (30) days of the date of this Order. Plaintiff is instructed to make

his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue at this time.

Dated this 21st day of October, 2011.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE