## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

LARRY ISAIAH WILKES,         )

                                     )

        Plaintiff,          )

                                     )

        v.                )          No. 4:11CV1627 AGF

                                     )

CAMERON R. DANIEL, et al.,     )

                                     )

        Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff's amended complaint under 28 U.S.C. § 1915(e).  On October 21, 2011, the Court reviewed Plaintiff's original complaint under 28 U.S.C. § 1915(e) and found that it failed to state a claim upon which relief can be granted.  The Court pointed out the defects in the complaint and allowed Plaintiff to file an amended complaint.  Because the amended complaint contains the same defects as the original complaint, the Court will dismiss this action without further proceedings.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named Defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd, 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983.  Named as Defendants are Cameron R. Daniel, Melvin Diggs, Irene Mitchell, and Allen Ray.  Defendants are officials at the St. Louis City Justice Center.

Plaintiff alleges that he was in the T.V. room when two inmates began fighting. Plaintiff says that Defendants Ray and Diggs ordered everyone from the T.V. room to go into the room where the fight occurred, whereupon Ray and Diggs sprayed everyone with mace.  Plaintiff asserts that he complained, and as a result, he was put in administrative segregation for seventy-two hours without food.  Plaintiff says he was then housed in a cell contaminated with feces, urine, and blood for forty days. Plaintiff alleges that he was told not to file a grievance or his mouth would be "shut

permanently." Plaintiff claims that Defendant Mitchell told him "to stop writing IRR's because they do not go anywhere."

**Discussion**

The complaint is silent as to whether Defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [Plaintiff] is suing Defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, Plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of Plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Furthermore, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d

1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir.

1985) (claim not cognizable under § 1983 where Plaintiff fails to allege that Defendant

was personally involved in or directly responsible for the incidents that injured

Plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory

inapplicable in § 1983 suits).  In the instant action, Plaintiff has not set forth any facts

indicating that Defendants Daniel or Mitchell were directly involved in or personally

responsible for the alleged violations of his constitutional rights.  As a result, the

complaint fails to state a claim upon which relief can be granted for this reason as well.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel

[Doc. 3] is **DENIED** as moot.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 26th day of January, 2012.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE